NOT DESIGNATED FOR PUBLICATION

No. 118,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TANNER LINN WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed April 20, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Tanner Linn Wheeler appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Wheeler's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

On September 15, 2015, Wheeler pled guilty to one count of possession of methamphetamine. On July 11, 2016, the district court sentenced Wheeler to 24 months' imprisonment and granted probation for 12 months to be supervised by community corrections.

1

At a hearing on February 27, 2017, the district court found that Wheeler was in violation of the conditions of his probation by failing to refrain from the use of drugs, by failing to report to his intensive supervision officer (ISO) as directed, by failing to follow the recommendations of his ISO, and by failing to comply with the recommendations of his drug and alcohol evaluation. The district court imposed an intermediate jail sanction for the violations and extended Wheeler's probation for 24 months.

At a hearing on July 31, 2017, the district court found that Wheeler had violated the conditions of his probation by committing a new crime. The district court revoked Wheeler's probation and ordered him to serve his underlying prison sentence. Wheeler timely appealed.

On appeal, Wheeler claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." Wheeler acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Wheeler's probation after finding that he had committed a new crime while on probation. As a result, the district court was not required to impose additional intermediate sanctions in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8). Wheeler already had violated his probation on one prior occasion. The district court's decision to revoke Wheeler's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Wheeler has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.